UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GLENN A. COOPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:15-cv-01740-SEB-MJD |
| ) | |
| NANCY A. BERRYHILL,[1] ) | |
| ) | |
| Defendant. ) | |

**ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is an action for judicial review of the final decision of Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration, finding Plaintiff Glenn A. Cooper not entitled to social security supplemental insurance ("SSI") and disability insurance benefits ("DIB") under Title II and Title XVI of the Social Security Act. *See* 42 U.S.C. §§ 416(i), 423(d), 1382(a). The Commissioner has filed a timely objection to the Report and Recommendation by Magistrate Judge Mark J. Dinsmore that the Commissioner's decision be reversed and remanded. For the reasons explained in this Order, we OVERRULE the Commissioner's objections, ADOPT the conclusions of the Magistrate Judge, and REMAND this case for further consideration.

---

[1] Ms. Berryhill, who succeed Carolyn W. Colvin, is automatically substituted for her as Defendant in this case. Fed. R. Civ. Pro. 25(d).

**Standard for Proving Disability**

To be eligible for SSI or DIB, a claimant like Mr. Cooper must have a disability defined by 42 U.S.C. § 423 as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." In general, the claimant bears the burden of providing evidence that he is disabled, and he must show through record evidence that an impairment from which he suffers meets all applicable criteria. *See, e.g.*, *Ribaudo v. Barnhart*, 458 F.3d 580, 583 (7th Cir. 2006). The Commissioner acting by and through an ALJ conducts a five-step analysis to make an eligibility determination: (1) if the claimant is engaged in substantial gainful activity, he is not disabled despite his medical condition and other factors; (2) if the claimant does not have a "severe" impairment (*i.e.*, one that significantly limits his ability to perform basic work activities), he is not disabled; (3) the Commissioner then determines whether the claimant's impairment or a combination thereof meets or medically equals any impairment appearing in the Listing of Impairments at 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve-month duration requirement; if so, the claimant is disabled; (4) if the claimant can perform his past relevant work given his Residual Functional Capacity ("RFC"), he is not disabled; and (5) if the claimant can perform any other work in the national economy, he is not disabled. *See* 20 C.F.R. § 404.1520.

## **Applicable Standard of Review**

The Court reviews the Commissioner's denial of benefits to determine whether it was supported by substantial evidence or is the result of an error of law. *Pepper v. Colvin*, 712 F.3d 351, 361-62 (7th Cir. 2015). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001). An ALJ's decision must be based upon consideration of "all the relevant evidence," without ignoring probative factors. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). In other words, the ALJ need not address every piece of evidence in her decision, but she cannot ignore a line of evidence that undermines her conclusions, and she must trace the path of her reasoning and connect the evidence to her findings and conclusions. *Arnett v. Astrue*, 676 F.3d 586, 592 (7th Cir. 2012). We confine the scope of our review to the rationale offered by the ALJ. *See SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Tumminaro v. Astrue,* 671 F.3d 629, 632 (7th Cir. 2011).

When a party raises specific objections to elements of a magistrate judge's report and recommendation, the district judge reviews those elements *de novo,* determining for herself whether the Commissioner's decision as to those issues is supported by substantial evidence or was the result of an error of law. Fed. R. Civ. P. 72(b). The district judge "makes the ultimate decision to adopt, reject, or modify" the report and recommendation, and it need not accept any portion as binding; the [judge] may, however, defer to those conclusions of the report and recommendation to which timely

objections have not been raised by a party. *See Schur v. L.A. Weight Loss Ctrs, Inc.*, 577 F.3d 752, 759–61 (7th Cir. 2009).

## Background and Procedural History[2]

Mr. Cooper filed an application for SSI and DBI on March 11, 2013, asserting that he suffered from nerve damage and pinched nerves in his neck, pain in his right shoulder and neck, headaches and migraines, and muscle spasms. Record [Docket No. 14-2] at 158. After the Social Security Administration denied Mr. Cooper's applications for DIB and SSI initially and on reconsideration, an Administrative Law Judge ("ALJ") engaged in the sequential five-step analysis and concluded that Mr. Cooper was not disabled within the meaning of the Social Security Act for the relevant period of time. The ALJ's dispositive findings were that although Mr. Cooper was severely impaired by degenerative disc disease, headaches, and obesity, his disc disease did not meet or medically equal Listing 1.00 for musculoskeletal impairments and, although he was incapable of performing his past relevant work, there were certain "sedentary" jobs in the national economy available to him notwithstanding his limitations. R. at 19-30. The ALJ did not mention in her discussion of Mr. Cooper's degenerative disc disease any sublisting within 1.00, nor did she specifically address whether Mr. Cooper's headaches and migraines met or were medically equivalent to any listed impairment. R. at 21-22.

---

[2] Because the facts are sufficiently laid out in the ALJ's opinion, the parties' briefing, and the Magistrate Judge's Report and Recommendation, we need not reiterate them in full here. We recount facts only as necessary to address the Commissioner's objections to the Report and Recommendation.

Mr. Cooper sought further review, and the Appeals Council denied his request on September 14, 2015. R. at 1-4. At this point, the Commissioner's decision became final, *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015), and Mr. Cooper timely exercised his right to judicial review of the Commissioner's adverse decision under 42 U.S.C. § 405(g). Before this court, Mr. Cooper argued—in what is relevant to this appeal—that the ALJ failed to (1) consider his migraines under Listing 11.03; (2) obtain a medical opinion regarding the Listing considerations; (3) discuss his headaches in relation to his ability to perform and maintain employment; and (4) address the impact on his ability to work caused by the side effects of his medication. Pl.'s Br. [Docket No. 17] at 9-10.

The case was referred to Magistrate Judge Dinsmore for initial consideration. On August 9, 2016, Magistrate Judge Dinsmore issued a Report and Recommendation that the Commissioner's decision be reversed and remanded. Specifically, Magistrate Judge Dinsmore identified at least five independent grounds for remand to correct omissions in the ALJ's analysis and to allow the ALJ to consider evidence that she apparently ignored. Docket No. 20 at 4-15. This case is now before the Court on the Commissioner's Objections to the Magistrate Judge's Report and Recommendation.

## Discussion

This appeal involves the third and fourth steps of the sequential evaluation process. The third step of the sequential evaluation process addresses whether a claimant's impairment or a combination thereof meets or medically equals any impairment set out in the Listing of Impairments at 20 C.F.R. pt. 404, subpt. P, App. 1. Step four addresses whether a claimant is capable of performing past relevant work on a

regular and continuing basis despite any impairment-related limitations, which is determined through an RFC assessment. 20 C.F.R. § 1545.

The Commissioner raises two objections to the Magistrate Judge's Report and Recommendation. Def.'s Obj. [Docket No. 21] at 1-3. First, according to the Commissioner, there was no error in the ALJ's use of medical expert opinions with regard to determining whether Mr. Cooper's headaches and migraines met or equaled a listed impairment. Def.'s Obj. at 1-2. Second, the Commissioner contends that the Magistrate Judge incorrectly interpreted the ALJ's decision regarding the side effects of Mr. Cooper's pain medications, which made up part of her credibility determination. Def's Obj. at 2-3. These issues are addressed in turn.

## I. The equivalence determination regarding Mr. Cooper's migraines

It is undisputed that the ALJ did not discuss in her decision whether Mr. Cooper's headaches and migraines met or equaled one of the qualifying impairments, Listing 11.03, which generally pertains to petit-mal seizures.[3] The Commissioner argues that even so the ALJ's analysis was sufficient and that remand on this issue is unnecessary.

The Listing of Impairments contains no specific entry for migraines or headaches; however, the SSA routinely considers these impairments under the criteria for Listing 11.03. *See, e.g., Keller v. Colvin,* No. 1:13–CV–00104–TWP–MJD, 2014 WL 948889, at *5 (S.D. Ind. Mar. 10, 2014) ("[M]igraines, though unlisted, may be medically equivalent

---

[3] We note that the 11.00 series of the Listing of Impairments, describing neurological disorders, was substantially revised effective January 1, 2017. The 11.03 listings described in this order pertain to the criteria in effect at the time of the ALJ's decision.

to Listing 11.03."); *Kwitschau v. Colvin,* No. 11 C 6900, 2013 WL 6049072, at *3 (N.D. Ill. Nov. 14, 2013) (internal citation omitted) ("There is no specific impairment listing for migraines. However, they can be analogized to the provisions for petit mal, or non-convulsive, seizures in § 11.03 of the Listing of Impairments."). A claimant may therefore demonstrate equivalence to Listing 11.03 by showing that his migraines cause functional impairments equivalent to those described in the Listing. *See Kwitschau,* 2013 WL 6049072, at *3 ("In order to meet that Listing, Claimant must suffer from more than one medically severe migraine headache per week despite at least three months of prescribed treatment").

The Social Security Administration provides examples of such equivalence determinations in its Program Operations Manual System ("POMS"). POMS § DI 24505.015, *available at* https://secure.ssa.gov/poms.nsf/lnx/0424505015 (last visited March 15, 2017) (identifying, among others, the symptoms of intense headaches with throbbing, nausea and photophobia, and the need to lie down, as those that medically equal listing 11.03). Although the Seventh Circuit has held that POMS has "no legal force," ALJs should still use its examples in consideration of a listing. *Keller*, 2014 WL 948889, at *5 (internal citation omitted).

The record before us shows that Mr. Cooper experienced almost daily headaches triggered by many factors, headaches that become migraines, photophobia, dizziness, nausea, and vomiting. R. at 176, 263. Mr. Cooper listed his migraines as a separate condition for evaluation on his application for benefits and filled out a headache questionnaire, and every doctor who saw him diagnosed him with either headaches or

7

migraines. R. at 28. The Commissioner does not challenge the Magistrate Judge's conclusion that the ALJ's failed to consider Mr. Cooper's migraines under Listing 11.03 as part of her sequential analysis. Docket No. 20 at 6.

Rather, the Commissioner takes issue with the Magistrate Judge's conclusion that ALJ's failure at step three to obtain a medical expert opinion on the issue of whether Mr. Cooper's headaches met or were medically equal to a listed impairment was an error requiring remand. Def's Obj. at 1-2. The Commissioner maintains that the ALJ directed two state agency physicians, Corcoran and Brill, to complete a disability determination and transmittal form (SSA-831), in which both opinioned that Mr. Cooper did not meet or equal any listed impairment. Def.'s Obj. at 1 (citing Trans. at 65, 73 [Docket No. 14-3]). Thus, according to the Commissioner, the completion of this form shows that the ALJ considered the issue of medical equivalence. Def.'s Obj. at 1 (citing *Sheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004)). The Commissioner also argues that the ALJ's reliance on these forms distinguishes this situation from the one presented in *Barnett v. Barnhart*, 381 F.3d 664 (7th Cir. 2004), relied upon by the Magistrate Judge. Def.'s Obj. at 1. We disagree.

The step three determination of whether a listing is met or equaled is an "ultimate question" within the purview of the ALJ, but Social Security regulations require an ALJ to consider the opinion of an expert in making this equivalency determination. *Barnett*, 381 F.3d at 670 ("Whether a claimant's impairment equals a listing is a medical judgment, and an ALJ must consider an expert's opinion on the issue."); 20 C.F.R.

8

§ 404.1526. Accordingly, at a minimum, an ALJ must consider a medical consultant's assessment of the record evidence, which may come in the form of a Social Security Administration evaluation form, such as the SSA-831 disability determination form. *Barnett*, 381 F.3d at 670. Thus, it is correct that an ALJ's consideration of the disability determination and transmittal *may* satisfy the medical equivalence opinion requirement, but that is not the case here.

In this case, the state agency physicians each completed a disability determination form. But these forms referenced only back disorders, both discogenic and degenerative, and provide that no secondary diagnosis was established by medical evidence in Mr. Cooper's file. R. at 65, 73. Indeed, the assessment that Mr. Cooper was not disabled focused only on his degenerative disc disease. Accordingly, nothing in the physicians' reports addressed Mr. Cooper's migraines, and the ALJ even noted that she accorded these assessments partial weight because "they do not address [Mr. Cooper's] alleged headaches." As the Seventh Circuit pointed out in *Barnett*, 381 F.3d at 669, an ALJ may and "should contact the doctor [providing a report] for clarification if necessary." Because the ALJ provided no discussion of Mr. Cooper's migraines in relation to a physician's assessment, remand is appropriate to allow the ALJ to completely and straightforwardly address this issue. *See Ribaudo,* 458 F.3d at 583 ("[A]n ALJ should mention the specific listings he is considering and his failure to do so, if combined with a 'perfunctory' analysis, may require a remand.").

9

## II. The RFC assessment concerning the side effects of Mr. Cooper's pain medication

The Commissioner also argues that the ALJ misinterpreted the part of the ALJ's RFC assessment concerning the side effects of Mr. Cooper's pain medication. Def's Obj. at 2-3. Instead of ignoring the evidence as to the medication's side effects, says the Commissioner, the ALJ was aware of—but simply did not credit— Mr. Cooper's complaints of needing to sleep the vast majority of the time after taking the medication. Def's Obj. at 2. The Commissioner contends that, because the ALJ's conclusion was self-evident, she was not required to further discuss it. *Id.* Relatedly, the Commissioner argued that the ALJ need not make specific findings concerning the side effects of Mr. Cooper's medication. Def.'s Obj. at 3. This is incorrect.

"The side effects of medication can significantly affect an individual's ability to work and therefore should figure in the disability determination process." *Flores v. Massanari*, 19 Fed. Appx. 393, 399 (7th Cir. 2001). Mr. Cooper adequately claimed that the pain stemming from his neck injury and his migraines required him to take strong medication. Trans. at 24. Prior to her discussion of Mr. Cooper's RFC, the ALJ acknowledged that Mr. Cooper's medication resulted in "drowsiness, disorientation and dizziness." Trans. at 25. But she did not address Mr. Cooper's testimony that taking his medication was debilitating—about ninety percent of the time he took his medication, he had to lie down or go to sleep. Trans. at 41. Effectively, this meant that he had to rest for thirty to forty-five minutes two to three times every day. Trans. at 42-43.

In her RFC assessment, the ALJ set limitations on the kind of work that Mr. Cooper could perform given his limitations and noted that she gave "careful consideration" to his hearing testimony. R. at 28. Ultimately, however, the ALJ rejected Mr. Cooper's testimony but provided no example of what objective medical evidence in the record was inconsistent with Mr. Cooper's testimony on this issue.

This Court's review of an ALJ's credibility determination is deferential: "an ALJ is in the best position to determine a witness's truthfulness and forthrightness; thus, this court will not overturn an ALJ's credibility determination unless it is patently wrong." *Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004). But an ALJ still must support her credibility finding with "specific reasons" that are "supported by the evidence in the case record." *Zurawski v. Barnhart*, 758 F.3d 834, 838 (7th Cir. 2001) (citing Social Security Ruling 96-7p). The ALJ must consider factors such as the claimant's work-related activities and those of daily living, the duration, frequency, and intensity of the claimant's symptoms, precipitating and aggravating factors of the symptoms, the effects of medication, and any other relevant factors.[4] 20 C.F.R. § 404.1529(c).

---

[4] The Social Security Administration recently revised its rulings with respect to credibility to focus on determining the "intensity and persistence of [the applicant's] symptoms" as opposed to the credibility of the applicant's statements. Social Security Ruling 16-3p; "Titles II and XVI: Evaluation of Symptoms in Disability Claims," 81 Fed. Reg. 14166, 14167 (effective March 28, 2016). In *Cole v. Colvin*, 831 F.3d 411, 412 (7th Cir. 2016), the Seventh Circuit pointed out that "[t]he change in wording is meant to clarify that administrative law judges aren't in the business of impeaching claimants' character; obviously administrative law judges will continue to assess the credibility of pain *assertions* by applicants, especially as such assertions often cannot be either credited or rejected on the basis of medical evidence."

By focusing only on the activities that Mr. Cooper could perform and by ignoring the limitations that he also experienced, the ALJ conducted an incomplete analysis of Mr. Cooper's activities of daily living. An ALJ must explore the possibility of such logical limitations. *See Beardsley v. Colvin*, 758 F.3d 834, 838 (7th Cir. 2014). It could very well be that the ALJ rejected evidence in the record Mr. Cooper relied on to support his claims as to the debilitating side effects of his medication. But, by ignoring this line of evidence, the ALJ abdicated her duty to base her decision on all the record evidence. *Yurt v. Colvin*, 758 F.3d 850, 860 (7th Cir. 2014) (explaining that the Seventh Circuit has "repeatedly forbidden" ALJs from cherry-picking only the medical evidence that supports their conclusions."). Remand will allow for a more complete analysis.

Finally, the cases upon which the Commissioner relies do not undermine our conclusion. This case is distinguishable from the cases on which the Commissioner relies for the proposition that the ALJ was not required to discuss her rejection of Mr. Cooper's testimony on the medication issue. For example, in *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006), the Seventh Circuit reiterated that medication's side effects is one appropriate element that must be considered in an ALJ's credibility determination, and held the ALJ there "took [all of the] diverse factors into account[.]" Similarly, the holding was such in *Castile v. Astrue*, 617 F.3d 923, 929 (7th Cir. 2010), because the ALJ "discussed at length" the claimant's complaints. In *Shideler v. Astrue*, 688 F.3d 306, 312 (7th Cir. 2012), the Seventh Circuit held that the ALJ's credibility determination was adequate and entitled to deference, although imperfect, because relevant testimony and evidence were discussed. Accordingly, these cases do not change our conclusion here.

In sum, the above aspects of the case should be addressed on remand. We defer to the conclusion of the Magistrate Judge that additional grounds identified in his Report and Recommendation, to which the Commissioner did not object, also should be addressed on remand. *See Schur*, 577 F.3d 752, 759–61.

For the foregoing reasons, we ADOPT the Magistrate Judge's Report and Recommendation and REMAND the case to the ALJ for further consideration. *Briscoe v. Sullivan*, 501 U.S. 89, 98 (1991) (holding that a court may remand the case after passing on its merits and issuing a judgment affirming, modifying, or reversing the Commissioner's decision).

### III. Conclusion

For the foregoing reasons, we OVERRULE the Commissioner's objections and ADOPT THE RECOMMENDED DISPOSITION as set forth above. This case is REMANDED for further consideration in accordance with this Order.

**IT IS SO ORDERED.**

Date: ___3/21/2017_____    _____
                                SARAH EVANS BARKER, JUDGE
                                United States District Court
                                Southern District of Indiana

Distribution:

Charles D. Hankey
charleshankey@hankeylawoffice.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
Kathryn.olivier@usdoj.gov